```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION at LEXINGTON
```

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
|    ) | |
|     Plaintiff,    ) | Crim.No.18-cr-173-JMH-1 |
|    ) | |
| vs.    ) | |
|    ) | |
| HAILEY LORIANE DUVALL    ) | |
|    ) | |
|     Defendant.    ) | |

     \*\* \*\* \*\* \*\* \*\*

In order to comply with the Sentencing Reform Act, **IT IS ORDERED** herein as follows:

(1) That the sentencing proceedings in the above-styled action be, and they are hereby assigned for **October 7, 2019 at the hour of 10:30 a.m.**, at Lexington, subject to intervening order of the Court.

**(2) That defense counsel PROMPTLY contact the Probation Office to ascertain the time and place of the presentencing interview. The interview shall be conducted no later than ten (10) days from the date of this Order.**

(3) That not less than thirty-five (35) days prior to the date of the sentencing hearing, the probation officer shall provide a copy of the presentence investigation report [PSR] to counsel for the parties. Within fourteen (14) days thereafter, counsel shall submit, by letter, all objections to the PSR report to the probation officer and opposing counsel. Opposing counsel

**within five (5) days** shall file, by letter, a response to those objections.  After receiving said objections, the probation officer shall conduct a meeting with counsel, investigate the matters of concern and, if warranted, revise the PSR accordingly.

 (4)  That not less than ten (10) days prior to the sentencing hearing, the probation officer shall submit the PSR to the undersigned.  The PSR shall be accompanied by an addendum setting forth all unresolved objections and the probation officer's comments in regard thereto.  A copy of the revised PSR, together with the addendum, shall be mailed to counsel for the parties.

 (5)  The parties shall serve the following motions and memoranda upon the opposing party and shall forward a courtesy copy to the Court's by e-mail hood_chambers@kyed.uscourts.gov.  Absent any good cause shown, the Court will not consider untimely motions.

  (a)  No less than ten (10) days prior to the sentencing hearing, the defendant shall file in the record any request for relief pursuant to 18 U.S.C. §3553(a)(2) along with a supporting memorandum.

  (b)  No less than five (5) business days prior to the sentencing hearing, the government shall file in the record any request for relief pursuant to 18 U.S.C. §3553(e) and U.S.S.G. §5k1.1 along with a supporting memorandum.

   (c) Any motion to continue the sentencing, whether filed by an individual party or jointly, shall be filed no less than five (5) business days prior to the sentencing hearing.

   (d) No less than one (1) week prior to the sentencing hearing, counsel for both parties shall file a sentencing memorandum in the record.

 (6) With the exception of the matters set forth in the addendum, the revised PSR shall be accepted as accurate.  The matters set forth in the addendum, together with such objections as could not have been raised earlier, shall be resolved at the sentencing hearing.  In resolving the disputed issues of fact, all reliable information shall be considered.

 (7)  The time set forth in this Order may be modified by the Court for good cause shown, except that the thirty-five (35) day period provided for disclosure of the PSR pursuant to Fed. R. Crim. P. 32(e)(2) may be diminished only with the defendant's consent.

 (8)  That nothing in this order requires disclosure of any matter exempt therefrom by virtue of Fed. R. Crim. P. 32(I)(1)(B) & (d)(3).

 (9)  That the PSR will be deemed disclosed;

   (a) When the report is physically
     delivered to counsel;

      (b)    One day after the Report's availability is orally communicated to counsel; or

      (c)    Three days after notice of its availability is mailed to counsel, or the date of availability reflected in the notice, whichever is later.

(10) The disclosure of the PSR to the defendant shall be the responsibility of the defendant's counsel.

(11) That the probation officer not disclose the probation officer's recommendation, if any, on the sentence.

(12) In the event of an appeal, the probation officer shall provide a copy of the PSR to the clerk, who shall place the same in the record under seal and flagged **"CONFIDENTIAL PRESENTENCE INVESTIGATION REPORT TO BE OPENED ONLY BY THE COURT OF APPEALS OR BY ORDER OF THE DISTRICT COURT"**; and at the same time, the probation officer shall provide a copy of the sentencing recommendation and any other information submitted to the Court pursuant to Fed. R. Crim. P. 32(e)(3) to the clerk, who shall place all Rule 32(e)(3) information under separate seal flagged: **"CONFIDENTIAL RULE 32(e)(3) INFORMATION. NOT TO BE DISCLOSED TO THE PARTIES. TO BE OPENED ONLY BY THE COURT OF APPEALS OR BY ORDER OF THE DISTRICT COURT."**

(13) These SEALED matters (PSR & Rule 32 Information) will be maintained in the record for a period of SIXTY (60) DAYS after sentencing and then will be returned to the United States

Probation Office at Lexington, Kentucky, unless otherwise ordered by the Court.

This 24th day of June, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

*Rev. 8/30/18*